| | |
|---|---|
| 1 | Mark A. Romeo, SBN: 173007 |
| | mromeo@littler.com |
| 2 | LITTLER MENDELSON, P.C. |
| | 2050 Main Street |
| 3 | Suite 900 |
| | Irvine, CA 92614 |
| 4 | Telephone: 949.705.3048 |
| | Facsimile: 949.724.1201 |
| 5 | |
| | Attorneys for Plaintiffs |
| 6 | TRIMARK RAYGAL, LLC, |
| | and TRIMARK USA, LLC |
| 7 | |
| 8 | John Richard Conger, SBN: 168114 |
| | jconger@smcslaw.com |
| 9 | Shore McKinley Conger & Jolley |
| | 3031 W. March Ln., Ste. 230W |
| 10 | Stockton, CA 95219-6568 |
| | Phone Number: (209) 477-8171 |
| 11 | Fax Number: (209) 477-2549 |
| 12 | Attorneys for Defendant |
| | MICHELLE FOCKE |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| TRIMARK RAYGAL, LLC, and TRIMARK USA, LLC, | Case No.: SA CV 19-1194-FMO-JC |
| Plaintiffs, | **ORDER GRANTING STIPULATION [25] FOR ENTRY OF PRELIMINARY INJUNCTION** |
| v. | |
| KRISTIN TOTH, an individual, MICHELLE FOCKE, an individual, ERICKA BAUTISTA, an individual, and JUST ABOUT COMMERCIAL KITCHENS INC., an Idaho Corporation, | |
| Defendants. | |

The Court, having considered the Parties' Stipulation for Entry of Preliminary Injunction (the "Stipulation"), and good cause appearing, the Court grants and enters the following preliminary injunction against Defendant Michelle Focke, effective immediately:

1.  Defendant Focke is restrained and enjoined from using or disclosing, either directly or indirectly through, among other things, third party West Star Industries, Plaintiffs TriMark Raygal, LLC ("TriMark Raygal") and TriMark USA, LLC ("TriMark USA") (collectively "TriMark" or "Plaintiffs") proprietary and trade secret vendor pricing information, any current customer quotations and project specifications that are not related to projects where West Star Industries is acting on behalf of TriMark, emails (and any attachments), models, graphs, budgets, and proposals, including the documents specifically referenced in TriMark's complaint, except to the extent that such documents were sent or provided to Defendant Focke/West Star to further the business interests of both West Star and TriMark, collectively, in the ordinary course of their business relationship;

2.  Defendant Focke will conduct a reasonably diligent search, including of all email accounts and cloud-based accounts in her possession, custody, or control and any removable storage devices, to identify any TriMark confidential and/or proprietary information and/or documents in her possession, custody, or control to determine those pieces of TriMark information that she received from Defendant Kristin Toth and/or those individuals acting on behalf of Defendant Just About Commercial Kitchens Inc. between August 1, 2018, and the present date;

3.  Within 30 days from the date the parties entered the Stipulation, Defendant shall provide TriMark with a copy of all such information she has found based on the reasonably diligent search (referenced immediately above);

4.  Defendant Focke will permit a forensic expert as agreed to by the parties, within 30 days of the entry of this Order, to forensically image any electronic devices, including, without limitations, mobile/smart phones, as well as any storage repositories

(including any cloud-based storage accounts), in Defendant Focke's possession, custody or control. The location of the forensic inspection will occur at West Star's place of business in Idaho. The purpose of the examination is to determine whether TriMark's confidential and/or proprietary information, which, as set forth above was received from Defendant Toth, Defendant Bautista, and/or Defendant Just About Commercial Kitchens, Inc. exists or existed on the devices, has been deleted, copied, uploaded, downloaded, or transferred to any other location or account, whether it has been used, and to ensure that such information is returned to TriMark and removed from the inspected devices and accounts;

5. Defendant Focke, in accordance with a protocol to be agreed upon, will give the agreed-to forensic expert access to her email and/or electronic storage accounts and any cloud-based storage accounts (*e.g.,* Slack and/or DropBox) for the purposes of verifying her representations as to the receipt and non-use of TriMark's confidential and/or proprietary information and to verify that TriMark's confidential and/or proprietary information was not deleted, copied, uploaded, downloaded, or transferred to some other person/place/thing to the detriment of TriMark;

6. Defendant Focke will voluntarily arrange for the devices (and any cloud-based storage accounts) used by third party Joe Sheehan, in his capacity as a current West Star Industries' employee, to undergo the same forensic imaging and examination at West Star's office in Idaho, in light of Mr. Sheehan's acknowledged receipt, on his work computer, of the January 29, 2019, email and attachment referenced above;

7. TriMark may serve, on an expedited basis, a limited amount of discovery on Defendant Focke for this purpose including 20 document requests and 20 written interrogatories so that TriMark may determine what TriMark proprietary and confidential information is in the possession of Focke and whether any of this information was deleted, copied, uploaded, downloaded, or transferred to some other person/place/thing; provided, however, that nothing in this order limits or expands TriMark's right to serve discovery as set forth in this Court's standing order;

8. With respect to any expedited discovery, Defendant Focke will provide responses to these requests electronically within 15 days of service unless the parties stipulate to a greater response period. Further, the parties will schedule the deposition of Defendant Focke for a mutually agreeable date no later than 30 days from the date the parties' entered into the Stipulation to either be taken in Stockton, California, or in Idaho as determined by Defendant Focke; and

9. Defendant Focke is hereby restrained and enjoined from deleting, destroying, or otherwise altering any information stored on any removable device, computer, and/or in any cloud-based account/repository, and from transferring, copying, uploading, or downloading any information that relates to TriMark that is not related to current business dealings between TriMark and West Star, as well as any information that relates to the creation, formation, or establishment of Just About Commercial Kitchens, Inc. and/or any business that Defendants Toth and/or Bautista may have pursued to compete against TriMark, and/or any of the defendants' taking or copying or transfer of information belonging to TriMark and/or any of its customers or prospective customers.

**IT IS SO ORDERED.**

Dated: July 25, 2019

_____/s/_____
UNITED STATES JUDGE
HON. FERNANDO M. OLGUIN